FILED: July 2, 2014

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 13-4867

(1:08-cr-00438-WDQ-1)

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

DAVID RICH, a/k/a Oakie

    Defendant - Appellant

### JUDGMENT

In accordance with the decision of this court, the judgment of the district court is affirmed.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

                                      /s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4867

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID RICH, a/k/a Oakie,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:08-cr-00438-WDQ-1)

Submitted: June 30, 2014                Decided: July 2, 2014

Before MOTZ, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel H. Ginsburg, THE LAW OFFICE OF DANIEL GINSBURG, LLC, Rockville, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Rich appeals the 360-month sentence imposed at his resentencing hearing on drug, firearms, and related offenses. On appeal, Rich asserts that his sentence is unreasonable and is in contravention of the recent Supreme Court decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). For the following reasons, we affirm.

We review a sentence for reasonableness, applying "the familiar abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 46 (2007). We first review for "significant procedural error," which includes, as relevant here, "failing to adequately explain the chosen sentence." Id. at 51. To adequately explain the sentence, "the district court must make an individualized assessment" by "apply[ing] the relevant [18 U.S.C.] § 3553(a) [(2012)] factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007); see Carter, 564 F.3d at 330. The district court, however, need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the sentence is

2

within the advisory Guidelines range. <u>United States v. Johnson</u>, 445 F.3d 339, 345 (4th Cir. 2006).

After reviewing the sentencing transcript, we conclude that the district court adequately explained its reasons for imposing the chosen sentence. In response to counsel's argument for a sentence below the Guidelines range, the district court took note of the need for deterrence and Rich's extensive and violent criminal history, but found that those factors outweighed his post-sentencing rehabilitation and the asserted reduced risk of recidivism at the time of his release. The court's implicit assignment of greater weight to the nature and circumstances of Rich's offense and the need for the sentence to promote the other § 3553(a) factors articulated by the court did not amount to an abuse of discretion. <u>United States v. Rivera-Santana</u>, 668 F.3d 95, 105 (4th Cir. 2012) (stating that it was within district court's discretion to accord more weight to host of aggravating factors in defendant's case and decide that sentence imposed would serve § 3553 factors on whole).

Rich also argues that the district court failed to address his argument that a variant sentence was necessary due to the disparity of his sentence compared to that of his co-conspirator. We have recognized that 18 U.S.C. § 3553(a)(6) is aimed primarily at eliminating national sentencing inequity, not differences between co-defendants. <u>United States v. Withers</u>,

3

100 F.3d 1142, 1149 (4th Cir. 1996); see also United States v. Simmons, 501 F.3d 620, 623-24 (6th Cir. 2007) (collecting cases). Further, a district court has "extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011). Here, the district court — although not directly addressing Rich's argument that he should receive a lesser sentence than his co-conspirator based on his role in the offense — indicated that the quantity of drugs for which Rich was responsible, the violence in Rich's offenses, and Rich's extensive criminal history supported the chosen sentence.

Rich repeats his claims in support of his argument that his sentence is substantively unreasonable. Substantive reasonableness is determined by considering the totality of the circumstances, and, if the sentence is within the properly-calculated Guidelines range, we apply a presumption of reasonableness. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012). Our review convinces us that Rich's arguments on appeal do not rebut that presumption.

Finally, we reject Rich's argument that his statutory sentence for Count One is improper because it was based on a prior conviction to which he did not admit and that was not proven to the jury beyond a reasonable doubt. This issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224,

4

228-35 (1998). Although Rich suggests that the case is losing its sustainability, <u>Alleyne</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>United States v. McDowell</u>, 745 F.3d 115, 124 (4th Cir. 2014) ("<u>Almendarez-Torres</u> remains good law . . . ."), <u>petition for cert. filed</u>, __ U.S.L.W. __ (June 16, 2014) (No. 13-10640); <u>see</u> <u>United States v. Blair</u>, 734 F.3d 218, 227 (3d Cir. 2013).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5

FILED: July 2, 2014

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4867,  US v. David Rich
1:08-cr-00438-WDQ-1

NOTICE OF JUDGMENT

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourtus.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers are sent to counsel appointed or assigned by the court in a separate transmission at the time judgment is entered. CJA 30 vouchers are sent to counsel in capital cases. CJA 20 vouchers are sent to counsel in criminal, post-judgment, habeas, and § 2255 cases. Assigned counsel vouchers are sent to counsel in civil, civil rights, and agency cases. Vouchers should be completed and returned within 60 days of the later of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari. If counsel appointed or assigned by the court did not receive a voucher, forms and instructions are available from the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition to identify the cases to which the petition applies and to avoid companion cases proceeding to mandate during the pendency of a petition for rehearing in the lead case. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 15 pages. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).